# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 7:22-MJ-116 |
| Travis SULLIVAN and Mark HODGE | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**FILED**
April 27, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: M. Ramirez
DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 25, 2022__ in the county of __Midland, Texas__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC Sec. 841(a)(1)&(b)(1)(A) & 846. | Conspire to possess a Controlled Substance with intent to distribute fifty grams or more of actual methamphetamine. |

This criminal complaint is based on these facts:
See attached

☑ Continued on the attached sheet.

Attested to by applicant pursuant to Rule 4.1 of Fed. R. Crim. P. by phone & email.

/s/ James Dolan
*Complainant's signature*

ATF TFO James Dolan
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 04/27/2022

*Judge's signature*

City and state: Midland, Texas

U.S. Magistrate Judge Ronald Griffin
*Printed name and title*

**AFFIDAVIT**             **7:22-MJ-116**

I, James Dolan, a Detective with the Midland Texas Police Department, currently assigned to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a Task Force Officer (TFO) on Midland Odessa Violent Crimes Task Force, being duly sworn state:

1. I have successfully completed extensive training emphasizing narcotics investigation and law enforcement. I have been employed by the Midland Texas Police Department as a police officer and detective for approximately 17 ½ years and have participated in numerous narcotics investigations involving firearms violations. I have also attended courses based on investigating Narco-Terrorism and interdiction. In addition, I have operated in an undercover capacity during investigations where narcotics were purchased.

2. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation referred to in this affidavit and information summarized in reports I have reviewed. I have compiled information derived from numerous discussions with experienced law enforcement officers, and detectives of the Midland Police Department. Since this complaint is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known by me in the investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause. Based on the facts cited in the body of this affidavit, I believe that probable cause exists that **Travis SULLIVAN and Mark HODGE** did knowingly and intentionally conspire to possess with intent to distribute over 50 grams of actual methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code 841(a)(1) & (b)(1)(A) and 846.

1

3. At the beginning of April 2022, Detectives with the Midland Police Department received information that a Travis SULLIVAN was distributing quantities of methamphetamine in the Midland, Texas area. With this information Detectives were able to utilize a cooperating source to purchase quantities of methamphetamine from SULLIVAN. Also, during the investigation Detectives received information that SULLIVAN was traveling to Odessa, Texas and obtaining quantities of methamphetamine from a guy named Mark and then bringing the methamphetamine back to Midland to sell.

4. On April 25, 2022 Detectives with the Midland Police Department Narcotics Unit were conducting surveillance of SULLIVAN and observed that he went to Odessa and parked at a residence located at 2002 N. Washington. MPD Detectives notified the Odessa Police Department Narcotics Unit and they arrived in the area and assisted with surveillance. While on surveillance Detectives ran the license plate to a brown Ford F250 bearing TX LP: GLZ-6271 that returned to a Mark HODGE.

5. During the surveillance Detectives observed SULLIVAN exit the residence at 2002 N. Washington. Detectives followed SULLIVAN away from the residence where he was later traffic stopped by OPD Detective Moore. During the stop SULLIVAN was asked for consent to search his vehicle, however he denied and an Odessa Police Department K9 was called to the scene. Once the K9 Officer arrived, he utilized the K9 to conduct an open-air sniff. During this time the K9 Officer advised that the canine gave an indication on the vehicle granting Detectives probable cause to search the vehicle. During the search of the vehicle Detective Moore located approximately 29 grams of methamphetamine in the center console. Under Miranda, SULLIVAN stated that he had just purchased this from his supplier Mark HODGE at 2002 N. Washington.

6. While on the traffic stop with SULLIVAN, surveillance was maintained on the residence located at 2002 N. Washington. While conducting surveillance of the residence, HODGE was observed leaving his residence in the brown Ford F250 bearing TX LP: GLZ-6271. Shortly after leaving his residence a traffic stop was conducted on HODGE for failing to signal when he made a turn. During the traffic stop, an Odessa Police Department K9 made a positive alert on the vehicle, at which point a search was conducted. During the search officers located approximately 1.5 grams of methamphetamine, .4 grams of Ecstasy, and a silver colored Titan .25 Cal handgun (SN: A77050).

7. Based on the facts and circumstances, a search warrant was requested for the residence and granted by a District Court Judge. During a search of the residence, officers located approximately 71.4 additional grams of methamphetamine as well as several firearms, paraphernalia, U.S Currency and a small amount of marijuana.

8. Both SULLIVAN and HODGE were transported to the Odessa Police Department. During the interview with SULLIVAN he stated that he has sold quantities of methamphetamine to HODGE and also purchased quantities from HODGE. SULLIVAN stated that he has purchased up to 4 ounces of methamphetamine from HODGE at one time. SULLIVAN stated that it just depended on which one had it.

9. When Detectives spoke with HODGE, Detectives read HODGE his Miranda, which he advised he would like to speak with an attorney. While sitting in the back seat of a patrol car I was informed that HODGE was asking to speak with me. HODGE at this time stated that he would speak with me without his attorney present. HODGE at this time admitted that he had a quantity of methamphetamine in his residence. HODGE confirmed that he and SULLIVAN have both

sold methamphetamine to each other and also bought methamphetamine from each other just depending on who had it and could get the better deal.

10. During the interview with SULLIVAN and HODGE, they both admitted to obtaining and distributing in excess of 50 grams of actual methamphetamine.

11. Both SULLIVAN and HODGE were booked into the Ector County Law Enforcement Center on state charges pending federal prosecution.

12. Based on my training, expertise and experience, I believe **Travis SULLIVAN and Mark HODGE** did knowingly and intentionally conspire to possess with intent to distribute over 50 grams of actual methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code 841(a)(1) & (b)(1)(A) and 846.

13. The punishment SULLIVAN and HODGE faces if convicted of the alleged charge in this complaint is not less than 10 years and up to a lifetime of imprisonment, not less than 5 years of supervised release, a maximum fine of $10,000,000; and a $100 special assessment.

14. United States Attorney Brandi Young is aware of this incident and has approved Federal prosecution of SULLIVAN and HODGE for violations of the above referenced offense(s).

| /s/ James Dolan | 04/27/2022 |
|---|---|
| James Dolan<br>Task Force Officer<br>Bureau of Alcohol, Tobacco, Firearms and Explosives | Date |

Attested to by applicant pursuant to Rule 4.1 of Fed. R. Crim. P. by phone & email.

Sworn to and subscribed before me in my presence.

| [signature] | 04/27/2022 |
|---|---|
| Ronald C. Griffin<br>United States Magistrate Judge | Date |

4